

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

July 15, 1976

The Honorable H. R. Nieman, Jr.
Director
State Building Commission
Stephen F. Austin Building
Austin, Texas

Opinion No. H-847

Re: Authority of Board
of Control and State
Building Commission.

Dear Mr. Nieman:

You have requested our opinion concerning the relative authority of the Building Commission and the Board of Control regarding the allocation of space in a building, which was recently acquired by the Building Commission on behalf of the State. Following what you have termed a major renovation, the building will be used for state offices. You have asked whether the Building Commission or the Board of Control has title to the building and the power to allocate the space therein.

Article 665, V.T.C.S., provides in part:

> The State Board of Control shall have charge and control of all public buildings, grounds and property of the State . . . . [a]nd the Board shall be authorized to provide for the allocation of space in any of the public buildings to the departments of the State Government.

Article 678m, V.T.C.S., which establishes the Building Commission, provides in part:

The Honorable H. R. Nieman, Jr. - page 2 (H-847)

Sec. 3. The Commission shall have the authority to promulgate such rules and regulations as it deems proper for the effective administration of this Act. Under such terms and conditions as may be provided by law, the Commission may acquire necessary real and personal property, modernize, remodel, build and equip buildings for State purposes . . . .

. . .

Sec. 7. The Commission shall obtain title for the state and retain control of the real property acquired for sites and of the buildings located thereon until final construction is completed and the buildings are occupied by the state agencies to be housed therein, at which time the management and control of said buildings including the inventory values of the sites and the buildings located thereon, shall be transferred to the Board of Control. Except as otherwise provided in this Act, the initial occupants shall be those state agencies agreed upon by the Commission and the Board of Control. This Section, as amended, shall apply to all new state buildings constructed heretofore or that may be constructed hereafter in Austin, by the State Building Commission.

Article 678f, V.T.C.S., the State Building Construction Administration Act designates the Commission as the administering agency, section 5(A); empowers the Commission to enter construction contracts, section 8(C); and authorizes the Commission to promulgate rules and regulations necessary to implement its powers, duties, and responsibilities, section 5(F). Section 13(C) provides that:

Upon completion of the project the Commission shall release the same to the using agency . . . .

Section 2(A) provides that:

> [T]he State Board of Control shall be
> considered the using agency for . . . state-
> owned buildings maintained by the Board.

Article 678m was enacted in 1955 pursuant to article 3, section 51-b(c) of the Texas Constitution. The Building Commission thereby became the authority which acquires and constructs state property. Prior to its 1963 amendment, section 7 of article 678m read:

> The Commission shall obtain title for the
> state and retain control of the real property
> acquired for sites and of the buildings located
> thereon until final construction is completed
> and the buildings are occupied by the state
> agencies to be housed therein, at which time
> the management and control of said buildings
> shall be transferred to the Board of Control.
> Except as otherwise provided in this Act, the
> initial occupants shall be those state agencies
> agreed upon by the Commission and the Board of
> Control.

Since article 665 had long been in existence and since article 678f was not enacted until 1965, the progression of control over state property from 1955 to 1963 was as follows. The Building Commission acquired the property and performed any construction projects necessary. V.T.C.S. art. 678m, § 3. These projects have always included ones of renovation and repair. Attorney General Opinions M-780 (1971); M-695 (1970); WW-1429 (1962); WW-1215 (1961); WW-40 (1957). After the construction was completed and the building occupied the Commission transferred control thereof to the Board. V.T.C.S. art. 678m, § 7. The Board then had charge and control of the building. V.T.C.S. art. 665. Thus a system was established which provided statutory authority for the acquisition, construction, control, and transfer of control of state buildings.

In 1963 section 7 of article 678m was amended to include the clause relating to the transfer of inventory values and the last sentence of the present section, which states:

> This Section, as amended, shall apply
> to all new state buildings constructed
> heretofore or that may be constructed here-
> after in Austin, by the State Building
> Commission.

Prior to the addition of this sentence there was nothing in section 7 that would have confined its application to less than the entirety of article 678m. As previously noted, article 678m has always applied to the acquisition and renovation of buildings; therefore, before its 1963 amendment, section 7 also applied to such buildings.

In our opinion, the Legislature did not intend to narrow the application of section 7 by adding the last sentence thereof; rather, the Legislature intended to make clear that section 7 applied in part to "new state buildings constructed . . . by the State Building Commission." Had the Legislature intended to limit that application of section 7, they could easily have stated that the section applied only to such "new state buildings." To merely state that the section applies to such buildings is not to provide that it applies to no others. Thus any restriction on the existing application of section 7 would be by implication. We do not believe the Legislature intended to imply such a restriction, for amendments are construed so as to harmonize with the Act amended. 82 C.J.S. Statutes, § 384, p. 897. Since article 678f was not in existence at the time of the amendment in question, any restriction of the application of section 7 to less than that of article 678m would result in a lack of statutory authority for the transfer of control of buildings other than "new state buildings constructed . . . by the . . . Commission." Such a construction of the amendment would create a lack of harmony in the act amended and would run counter to the rule of construction that amendments are to be construed as part of a coherent system of legislation. 82 C.J.S. Statutes, § 384, p. 896. It is therefore our opinion that the application of section 7 of article 678m was not and is not limited to "new state buildings constructed . . . by the State Building Commission;" rather, section 7 applies to all buildings acquired and constructed by the Commission in the absence of a specific statute indicating otherwise.

We do not believe section 13(C) of article 678f to be such a statute. Even were it to apply to newly acquired buildings and require the transfer thereof to the Board of Control as the "using agency," a question we need not decide, section 13(C) in no way abrogates the specific provisions of section 7 of article 678m. Such an abrogation would constitute an implied repeal of the provisions of section 7 of article 678m, and would be inconsistent with the rules of statutory construction. 53 Tex. Jur. 2d Statutes, §§ 100, 102, 104.

Section 7 of article 678m is therefore applicable. Its provisions put title and control of acquired buildings in the Building Commission, require a transfer to the Board of Control after renovation is completed and the building is occupied, and state that the initial occupants will be those agreed upon by the Board and the Commission. In the event that the two agencies cannot agree on the initial occupants, in our view the Building Commission is the superior authority in the matter, since article 678m, section 8 provides:

> Sec. 8. The Commission shall have the authority to call on any Department of State Government to assist it in carrying out the duties of the Commission. And particularly, it shall be the duty of the Board of Control to do and perform such acts and functions in connection with this Act as the Commission may direct . . . .

See V.T.C.S. art. 678m, § 3.

Furthermore, in Attorney General Opinion WW-1215 (1961), this office stated:

> We are of the opinion that the functions given the Board of Control under this Act have to do, mainly, with the management of the buildings after being occupied by the State agencies and the control of the personal property located therein and that any additional duties given the Board of Control as to state building sites and properties are to be delegated to the Board of Control by the State Building Commission.

It is therefore our opinion that the control and title to a recently acquired and renovated building are lodged with the Building Commission until transferred to the Board of Control pursuant to section 7 of article 678m. Nothing in this opinion is intended to alter the Board's duty under the General Appropriations Act to provide utility service to the building.

### S U M M A R Y

When a building is acquired by the State and is to be renovated and repaired, control of the building is transferred from the State Building Commission to the State Board of Control at the completion of the renovation.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb